IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| GEORGE ELLIS | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 10-1020M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

George Ellis ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 14) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 21). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on November 16, 2007 alleging disability since October 26, 2007 on the basis of asthma, emphysema, diverticulitis and damaged lung. R. at 109, 134, 139. His claims were denied initially and on reconsideration. R.

at 48-49, 50-51.  On October 29, 2009, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified.  R. at 27-47.  In a decision dated December 2, 2009, the ALJ denied Plaintiff's request for benefits.  R. at 13-22.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 1-5.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set forth in 20 C.F.R. § 404.1520 and § 416.920.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: asthma and gastrointestinal problems.  At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work.  At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  Accordingly, she concluded that Claimant was not disabled.  R. at 13-22.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## IV. Discussion

Plaintiff argues that the ALJ erred by (1) failing consider Hepatitis C as a severe impairment; (2) improperly rejecting VE testimony; and (3) erroneously relying on a non-treating physician.

### A. Hepatitis C

Plaintiff argues that because the ALJ considered his hepatitis in connection with Listing 5.05, his failure to find that it constituted a severe impairment at step two is erroneous. Plaintiff bears the burden of demonstrating he suffers from a severe impairment. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). Here, Plaintiff does not even assert how his Hepatitis C significantly limits his physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404/1521(a), 416.921. Indeed, the evidence in the record shows that it did not.

In April, 2009, Plaintiff was newly diagnosed with Hepatitis C. R. at 352. Soon

3

thereafter, he began receiving dual anti-viral treatments for Hepatitis C. R. at 374. A June, 2009 pathology report revealed only mild abnormalities consistent with Hepatitis C. R. at 359. He was also reported as well developed and well nourished and in no apparent distress in June, 2009. R. at 349-50. Reports related to his Hepatitis C diagnosis do not indicate any functional limitations. There is simply no evidence that convinces the Court that Plaintiff has met his burden of demonstrating that his Hepatitis C constitutes a severe impairment. Moreover, as the Commissioner points out, once the process moved beyond step two of the evaluation, as it did here, all impairments, both severe and non-severe are considered at the remaining steps of the evaluation. In other words, even assuming that the ALJ legally erred when he determined that Plaintiff's Hepatitis C was non-severe, such an omission did not prejudice Plaintiff because the ALJ specifically found that Plaintiff's asthma and gastrointestinal problems were severe and therefore continued to consider the remaining steps in the sequential analysis. *See Hicks v. Astrue*, 718 F.Supp.2d 1, 12 (D.D.C. 2010). *See also* Def.'s Mot. Summ., Paper No. 21 at 20 (collecting cases). Indeed, Plaintiff does not dispute that the ALJ went on, for example, to consider his Hepatitis C at step three of the sequential evaluation when he compared it to the relevant Listing. R. at 16. Plaintiff's Hepatitis C was also reviewed in connection with the ALJ's RFC determination. *See* R. at 19-20 (discussing liver function results, liver biopsy, treatment for Hepatitis C).

    B.    <u>VE Testimony</u>

Plaintiff next argues that the matter should be remanded because the ALJ improperly rejected VE testimony and failed to explain his reason for doing so. At the hearing, the ALJ

asked the VE whether an individual who not only possessed Plaintiff's limitations, but also had absences in excess of the normal tolerance and excessive breaks during the workday would still be able to find substantial employment. The VE answered that such an individual would be precluded from finding substantial gainful employment. R. at 46. The ALJ based this hypothetical assuming full credibility of the Plaintiff's testimony provided at the hearing. *Id*. However, in her decision, she found Plaintiff not to be entirely credible. R. at 17. Specifically, she found Plaintiff's credibility to be fair to poor because he tends to exaggerate. *Id*. For example, he noted discrepancies with respect to the amount of alcohol he consumes. R. at 20. Accordingly, the Court need only rely on VE testimony based on impairments supported by the record. The Court does not find the ALJ erred by rejecting the testimony based on absences that far exceed normal tolerances and markedly excessive breaks. R. at 46.

    C.    <u>Non-Treating Physician</u>

Finally, Plaintiff argues that the ALJ improperly relied on the report of state non-examining physician Dr. Ahn. The Court disagrees. Dr. Ahn completed a Physical Residual Functional Capacity Assessment on September 18, 2008 in which he limited Claimant to a reduced range of medium work with environmental restrictions of avoiding concentrated exposure to extreme cold, humidity, fumes, odors, dusts, gases and poor ventilation. R. at 20 *citing* R. at 339-46. The ALJ concurred with Dr. Ahn's opinion because it was supported by treatment notes and objective testing. R. at 20.

Plaintiff argues that Dr. Ahn took only Plaintiff's asthma condition into consideration. Dr. Ahn noted asthma as the "primary" diagnosis, R. at 339 but he noted normal results on a

pulmonary function test and normal physical examination.  R. at 341.  He also indicated affirmance of the previous Physical Residual Functional Capacity Assessment by Dr. Robbins who noted that Claimant's activities of daily living were only partially credible.  R. at 288, 341.  Dr. Robbins' assessment did include a secondary diagnosis of diverticulitis.  R. at 286.  Dr. Ahn clearly reviewed Dr. Robbins' findings and affirmed them.

Perhaps more significantly, the ALJ based his RFC not only on Dr. Ahn's opinion but all of the evidence in the record including the treatment notes and objective testing.  Indeed, Plaintiff does not point to any evidence which would support a conclusion that he is limited to less work than that contemplated by the RFC.  As the ALJ noted, the results of physical examinations were consistently normal.  R. at 20; *see also* R. at 199, 213, 243, 302, 350, 353, 375, 385.  The pulmonary function test was normal.  R. at 16 *citing* R. at 277-85.  As discussed above, the ALJ noted Plaintiff's Hepatitis C was managed with medication, his diverticulitis was resolved and his asthma was stable.  R. at 20.

## V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.


Date: November 22, 2011             _____/s/_____
                                    THOMAS M. DIGIROLAMO
                                    United States Magistrate Judge


Copies to:
W. James Nicoll
Jenkins Block & Associates, P.C.

The Symphony Center
1040 Park Avenue
Suite 206
Baltimore, MD 21201


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692